UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4077-DOC (KK) | | Date | June 2, 2015 |
|---|---|---|---|---|
| Title | DANIEL M. DAVIS v. JACK FOX | | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:**   (In Chambers) Order Advising Petitioner of Consequences of Recharacterization of Petition as a § 2255 Motion and Directing Response

    On May 29, 2015, Petitioner Daniel M. Davis ("Petitioner"), filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). ECF Docket No. 1. Petitioner challenges his 2002 convictions for violations of 18 U.S.C. §§ 2252(a)(2) and 2253 sustained in the United States District Court for the District of Idaho. Pet. at 2. As a general rule, however, 28 U.S.C. § 2255 ("section 2255"), as opposed to 28 U.S.C. § 2241 ("section 2241"), provides the exclusive means for challenging the validity of a federal conviction or sentence. See <u>Alaimalo v. United States</u>, 645 F.3d 1042, 1046 (9th Cir. 2011) (citing <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000)). Thus, it appears the instant habeas corpus petition filed under section 2241 must be recharacterized as a section 2255 motion.

    Petitioner, apparently aware of the general rule that challenges to federal convictions must be brought pursuant to section 2255, argues he "meets the criteria for the 'savings clause' or 'escape hatch' . . . because he was actually innocent of violating U.S. law." Pet. at 4.

    28 U.S.C. § 2255(e) provides an "escape hatch" or "savings clause" to the general rule that challenges to a federal conviction or sentence must be brought in a section 2255 motion. Section 2255(e) provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4077-DOC (KK) | Date | June 2, 2015 |
|---|---|---|---|
| Title | DANIEL M. DAVIS v. JACK FOX | | |

> pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

<u>Lorentsen</u>, 223 F.3d at 953 (quoting 28 U.S.C. § 2255(e)) (emphasis in original).

"A petition meets the escape hatch criteria where a petitioner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" <u>Alaimalo</u>, 645 F.3d at 1047 (quoting <u>Stephens v. Herrera</u>, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted)).

This exception is narrow, however, and the savings clause will not apply simply because a petitioner was denied relief on his claims, or because "§2255's gatekeeping provisions" prevent the courts from considering a section 2255 motion. <u>Ivy</u>, 328 F.3d at 1059. Thus, the exception does not apply merely because a claim that could have been brought in a section 2255 motion is effectively precluded because a 2255 motion would now be barred as untimely or successive. See e.g., <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004) (section 2255 is not inadequate or ineffective simply because a section 2255 motion would be time-barred); <u>Lorentsen</u>, 223 F.3d at 953 (general ban on unauthorized successive petitions does not *per se* make section 2255 "inadequate or ineffective"); <u>Moore v. Reno</u>, 285 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (section 2255 not inadequate or ineffective simply because district court dismissed section 2255 motion as successive and court of appeals did not authorize successive motion).

Applying the escape hatch criteria, and assuming *arguendo* Petitioner has made a claim of actual innocence,[1] he fails to show he "has not had an unobstructed procedural shot at presenting" his claim. It is "not enough that the petitioner is presently barred from raising his claim[s] . . . [h]e must never have had the *opportunity* to raise it by motion." <u>Ivy</u>, 328 F.3d at 1059 (emphasis added). Here, Petitioner concedes he filed two appeals which were denied by the Ninth Circuit in 2004 and 2005. Pet. at 2-3. In both cases, Petitioner apparently raised both an "actual innocence" and ineffective assistance of

---

[1] The Court makes no finding as to whether Petitioner meets this prong, but rather, merely assumes the prong has been met for purposes of the section 2255(e) analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4077-DOC (KK) | Date | June 2, 2015 |
|---|---|---|---|
| Title | DANIEL M. DAVIS v. JACK FOX | | |

counsel claim. Id. In addition, Petitioner admits to have filed a section 2255 motion on February 3, 2003 which was ultimately denied.[2] Id. at 4 (citing Dist. Idaho Case No. 03-45-S-EJL). Moreover, Petitioner also appears to have a section 2255 motion currently pending in the District of Idaho. See Davis v. United States, Dist. Idaho Case No. 12-646-EJL.[3] Petitioner presents no facts which meet his burden of establishing an inability to raise the claims he presents in the instant Petition in these prior filings.[4]

Accordingly, and pursuant to United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2000), the Court hereby advises Petitioner of the following:

1. After reviewing the Petition, the Court is inclined to recommend the Petition be recharacterized as a section 2255 motion. This would have the following consequences:

    a. Because this court lacks jurisdiction over a section 2255 motion filed by petitioner, such a recharacterization would subject the motion and this action to either dismissal or transfer to the United States District Court for the District of Idaho, the sentencing court.

---

[2]Petitioner claims he was somehow "barred" from presenting the instant claims in this original section 2255 motion because the District Court denied his motion without "considering Petitioner's reply brief, and without notifying Petitioner of deficiencies in the pleading and allowing amendment." However, none of these reasons constitute a basis for finding he "has not had an unobstructed procedural shot at presenting" his claims. Rather, his failure to present the claims in the original petition "was not caused by procedural obstructions, but by his own defaults." Harrison, 519 F.3d at 959-60.

[3]Petitioner also concedes filing a Petition for Writ of Coram Nobis which was denied by the district court and subsequently affirmed on appeal. Pet. at 4; see also United States v. Davis, 558 Fed. Appx. 758 (9th Cir. 2014).

[4]The Court notes that with respect to Petitioner's claim he is "actually and factually innocent of violating U.S. law due to Supreme Court decision 2 months prior to conviction" (i.e. in 2002), Pet. at 3, there was nothing preventing Petitioner from raising this claim in any of his prior actions which were apparently filed after the 2002 decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4077-DOC (KK) | Date | June 2, 2015 |
|---|---|---|---|
| Title | DANIEL M. DAVIS v. JACK FOX | | |

    b.    In addition, as a general rule, petitioner must bring all arguments he intends to bring in his initial section 2255 motion, or else risk having later arguments barred as successive.  Petitioner acknowledges that he previously filed a section 2255 motion, and thus recharacterization of the instant petition would subject both this petition and any subsequent section 2255 motion to the restrictions on "second or successive" motions.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under 28 U.S.C. § 2255 is strictly limited.  *See* 28 U.S.C. §§ 2244(b)(3), 2255(h) (second or successive motions may be certified and permitted only if based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive . . ., that was previously unavailable").  In short, recharacterization of the instant Petition as a section 2255 motion may result in its dismissal as a successive section 2255 motion.

    c.    Also, section 2255 motions are subject to a one-year statute of limitations.  Because it appears that the instant Petition was filed after that limitations period expired, recharacterization of the Petition as a section 2255 motion may result in its dismissal as untimely.

    2.    If Petitioner does not wish to have his Petition recharacterized as a section 2255 motion, he may withdraw it from this court.  That would provide him the option of refiling a new petition or section 2255 motion in the District of Idaho.  However, any such petition or motion may also be barred by the one-year statute of limitations.  See 28 U.S.C. § 2255(f).  It may also be barred as a second or successive section 2255 motion.

In light of these advisements, the Court hereby ORDERS Petitioner to file a written response to this Order no later than **June 23, 2015**.  In the response, Petitioner must elect one of the following three options:

**Option 1:**
If Petitioner contends the Petition is in fact properly filed as a petition under 28 U.S.C. § 2241, he should clearly explain this in a filing with this Court no later than **June 23, 2015**.  Petitioner should attach copies of any documents that support his position.  Petitioner may also include a notice that, if the Court still finds the Petition should be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4077-DOC (KK) | Date | June 2, 2015 |
|---|---|---|---|
| Title | DANIEL M. DAVIS v. JACK FOX | | |

brought under section 2255, he alternatively selects one of the other options discussed below.

**Option 2:**
    If Petitioner consents to recharacterization of his petition as a section 2255 motion, he should clearly state this in a filing with this Court no later than **June 23, 2015**.

**Option 3:**
    If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed on or before **June 23, 2015**. **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court again advises Petitioner, however, that if Petitioner should later attempt to again raise his dismissed claims in a subsequent habeas petition or section 2255 motion, those claims may be time-barred, and may be barred as successive.

    **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order may be construed as Petitioner's consent to recharacterization, and may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or for failure to obey court orders.**