UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL M. DAVIS,<br><br>                Petitioner,<br>     v.<br>JACK FOX, Warden,<br><br>                Respondent. | Case No. CV 15-4077-DOC (KK)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION |

    Petitioner Daniel M. Davis ("Petitioner") is a federal inmate currently confined at the Federal Correction Institution in Lompoc, California. Petitioner has filed a Petition for Writ of Habeas Corpus By a Person in Federal Custody, pursuant to 28 U.S.C. § 2241 ("Petition"). For the reasons discussed below, this action is dismissed without prejudice for lack of subject-matter jurisdiction.

## I.

## **PROCEDURAL BACKGROUND**

    On June 24, 2002, pursuant to a guilty plea, Petitioner was convicted of: (1) receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and (2) criminal forfeiture, in violation of 18 U.S.C. § 2253 in the United States District Court for the District of Idaho ("District of Idaho"). Pet. at 2. Petitioner was sentenced to 24 months in custody, 3 years of supervised release, and a $1,000

1  fine.[1]  Id.

2        On May 29, 2015, Petitioner filed the instant Petition pursuant to 28 U.S.C.
3  § 2241, challenging his 2002 convictions in the District of Idaho.[2]  ECF Docket
4  ("Dkt.") No. 1.  In the Petition, Petitioner concedes he "is no longer in custody for
5  [these] conviction[s]," but maintains he is "suffering lingering adverse
6  consequences in that this first conviction was used to substantially enhance a
7  subsequent conviction by imposing a statutory mandatory minimum sentence."[3]
8  Id. at 6.  Petitioner presents four grounds in support of his petition for relief: (1)
9  actual innocence; (2) "Petitioner has not had an unobstructed shot at presenting his
10  claims"; (3) "ineffective assistance of counsel at all stages of representation"; and
11  (4) prosecutorial misconduct.  Id. at 3, 5.

12        On June 2, 2015, the Court issued an Order requiring Petitioner to file a
13  response stating why the Petition should not be recharacterized as a motion
14  pursuant to 28 U.S.C. § 2255.  Dkt. 3.  On June 18, 2015, Petitioner filed a
15  response to the Court's Order.  Dkt. 4.  In his response, Petitioner advised the
16  Court he objects to the recharacterization of the Petition as a Section 2255 motion.
17  Id.  Petitioner claimed he is entitled to proceed under Section 2255's "escape
18  hatch," which permits petitioners to file a petition under Section 2241 if the
19  remedy under Section 2255 is "inadequate or ineffective."  Id.

20        Because the Court herein concludes it lacks subject-matter jurisdiction over

---

[1] Following his conviction and sentencing, Petitioner filed two appeals, several motions for post-conviction relief pursuant to 28 U.S.C. § 2255, and a petition for a writ of error coram nobis.  Pet. at 2-3, 5-6.

[2] Petitioner does not specify or appear to challenge any other convictions.

[3] Petitioner was convicted in the District of Idaho in 2008 of possession of sexually explicit images of minors and criminal forfeiture.  See U.S. v. Davis, No. CR 07-0025-EJL (D. Idaho).

the Petition on the grounds that Petitioner is no longer "in custody under the conviction or sentence under attack," the Court dismisses the Petition without reaching the question of whether the Petition should be recharacterized as a Section 2255 motion.[4] See Maleng v. Cook, 490 U.S. 488, 491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (citation omitted); see also Smith v. U.S. Customs & Border Prot., 741 F.3d 1016, 1019 & n.1 (9th Cir. 2014) (holding "in custody" issue is a threshold jurisdictional issue that must be addressed first).

## II.
## DISCUSSION

District courts have subject matter jurisdiction to entertain habeas corpus petitions only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The habeas petitioner must be "in custody under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 491, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (citation omitted). An expired conviction can never satisfy the "in custody" requirement, even though it may possibly be used to enhance a subsequent sentence, and even if the possibility actually occurs. Id. at 491-92. Thus, once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it. Id. at 492.

Here, the Petition challenges Petitioner's 2002 convictions for receipt of child pornography and criminal forfeiture in the District of Idaho. Pet. at 2. As

---

[4] The Court notes that even if Petitioner were "in custody" under the conviction being challenged in the instant Petition, it would still lack jurisdiction over the instant Petition because (1) Petitioner does not satisfy the requirements of Section 2255's "escape hatch" and (2) hence, the Petition is properly characterized as a "second or successive" motion pursuant to Section 2255.

Petitioner himself admits, he is no longer in custody for the sentence imposed for his 2002 convictions. Id. at 6. Under Maleng, the Court thus lacks subject-matter jurisdiction over the instant Petition because Petitioner is not "in custody under the conviction or sentence under attack at the time his petition [wa]s filed." Maleng, 490 U.S. at 491 (citation omitted). Moreover, the U.S. Supreme Court and the Ninth Circuit have specifically held that "[a]n expired conviction can never satisfy the 'in custody' requirement, even though it may possibly be used to enhance a subsequent sentence, and even if the possibility actually occurs." See United States v. Myers, 933 F.2d 1017 (9th Cir. 1991) (citing Maleng, 490 U.S. at 491-92). Thus, because Petitioner does not meet the "in custody" requirement, this Court lacks jurisdiction.

## III.

## ORDER

IT THEREFORE ORDERED Judgment be entered summarily dismissing this action without prejudice for lack of subject matter jurisdiction.

DATED: July 21, 2015

*/s/ David O. Carter*
HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

*/s/ Kenly Kato*
Kenly Kiya Kato
United States Magistrate Judge

4